RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82760
lcruss@raklaw.com
Eric B. Carlson State Bar No. 193401
ecarlson@raklaw.com
Robert E. Satterthwaite, State Bar No. 223767
rsatterthwaite@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
T:  (310) 826-7474  F:  (310) 826-6991

BANKS & WATSON
James J. Banks, State Bar No. 119525
jjb@bw-firm.com
Stephen E. Paffrath, State Bar No. 195932
spaffrath@bw-firm.com
Hall of Justice Building
813 6th Street, Suite 400
Sacramento, CA  95814-2403
T:  (916) 325-1000  F: (916) 325-1004

Attorneys for Plaintiffs Proven Methods Seminars, LLC and Proven Methods Customer Service, LLC, doing business together as National Grants Conferences

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVEN METHODS SEMINARS, LLC, a Nevada limited liability company; and, PROVEN METHODS CUSTOMER SERVICE, LLC, a Nevada limited liability company, doing business together as NATIONAL GRANTS CONFERENCES,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN GRANTS & AFFORDABLE HOUSING INSTITUTE, LLC, a Texas limited liability company; BEST NEWS REALTY LLC, a Texas limited liability company; BEST NEWS MARKETING LLC, a Texas limited liability company; COAST TO COAST MEDIA, LLC, a Texas limited liability company; and JOHN T. POLK; PATRICK FARAH; WILLIAM PAPPAS; KALEB FORREST; RENE GONZALEZ; MICHELLE HARMON; LEWIS CURRY; TIFFANY | Case No. 2:07-CV-01588 WBS-EFB<br><br>[Assigned to The Honorable William B. Shubb, Courtroom 5]<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO MODIFY THE COURT'S SEPTEMBER 18, 2007 ORDER RE: PRELIMINARY INJUNCTION**<br><br>Original Complaint Filed:<br>August 3, 2007 |

07cv1588 Proven Methods - Stip to Modify 9-18-07 Order re Prelim Injunc.doc

BARNES; SCOTT VOELKEL; FRANCIS LEE LAURAINE; STEVE WYMAN; STEVE WOLLASTON; GUS FERNANDEZ; DONALD HARKEMA; NANCY DEVAUGHN; JACK MARLANDO; DAWN LANE; and BRUCE WEST, JR., individuals,

Defendants.

This Stipulation is entered into between Plaintiffs PROVEN METHODS SEMINARS, LLC, PROVEN METHODS CUSTOMER SERVICE, LLC, doing business together as NATIONAL GRANTS CONFERENCES (collectively, "Plaintiffs"), on the one hand, and defendants AMERICAN GRANTS & AFFORDABLE HOUSING INSTITUTE, LLC, BEST NEWS REALTY LLC, BEST NEWS MARKETING LLC, COAST TO COAST MEDIA, LLC, JOHN T. POLK, PATRICK FARAH, WILLIAM PAPPAS, KALEB FORREST, RENE GONZALEZ, MICHELLE HARMON, LEWIS CURRY, TIFFANY BARNES, SCOTT VOELKEL, FRANCIS LEE LAURAINE, STEVE WYMAN, STEVE WOLLASTON, GUS FERNANDEZ, DONALD HARKEMA, NANCY DEVAUGHN, JACK MARLANDO, DAWN LANE, and BRUCE WEST, JR (collectively, "Defendants"), on the other, by and through their respective counsel of record, subject to the approval of this Court, as follows:

Whereas, on September 18, 2007, this Court issued an Order re: Preliminary Injunction ("Order") enjoining defendants American Grants & Affordable Housing Institute, LLC, Best News Realty LLC, Best News Marketing LLC, and Coast to Coast Media, LLC;

Whereas, on September 18, 2007, counsel for Plaintiffs wrote a letter to this Court requesting modification of the Order to provide, per the Court's earlier suggestion, that Defendants submit to the Court any materials they intend to substitute for their infringing materials, with notice to Plaintiffs, so as to permit the Court's and counsel's analysis of whether and to what extent those materials violate Plaintiffs' copyrights;

Whereas, on September 19, 2007, the Court issued a minute order indicating that such request must be brought pursuant to noticed motion;

Whereas, counsel for Plaintiffs and counsel for Defendants have met and conferred and agreed to such modification, subject to the additional proviso that counsel's analysis be conducted on an expedited basis;

THEREFORE, IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, subject to the approval of this Court, as follows:

1. Before using, marketing, or selling counterpart materials to Plaintiffs' Brown Books (attached as Exhibit 1 to the Declaration of Matt Orlando dated August 15, 2007), Defendants will file such proposed materials with the Court and serve same upon counsel for Plaintiffs.

2. Within three (3) court days of the filing of Defendants' proposed counterpart materials, Plaintiffs may file and serve any objections regarding whether such materials infringe on Plaintiffs' alleged copyright in the Brown Books.

3. Within two (2) court days after the filing of the objections, Defendants may file and serve any response to Plaintiffs' objections.

4. Thereafter, the Court may consider and rule upon whether the counterpart materials infringe on Plaintiffs' alleged copyright in the Brown Books, and/or set a hearing date for oral argument. Defendants agree not to use, market, or sell the counterpart materials unless and until they have been approved by the Court.

DATED: September 25, 2007

Respectfully submitted,

**RUSS, AUGUST & KABAT**

_____
Larry C. Russ
Eric B. Carlson
Robert E. Satterthwaite

Attorneys for Plaintiffs

**MENNEMEIER, GLASSMAN, AND STROUD**

_____
Andrew W. Stroud
Kelcie M. Gosling
Stephen Lau

Attorneys For Defendants

# ORDER

IT IS HEREBY ORDERED THAT THE COURT'S SEPTEMBER 18, 2007 ORDER RE: PRELIMINARY INJUNCTION IS AMENDED AS FOLLOWS:

1. Before using, marketing, or selling counterpart materials to Plaintiffs' Brown Books (attached as Exhibit 1 to the Declaration of Matt Orlando dated August 15, 2007), Defendants will file such proposed materials with the Court and serve same upon counsel for Plaintiffs.

2. At the time such materials are filed, counsel for Defendants shall notice the matter for hearing on the court's next available civil law and motion calendar.

3. Within three (3) court days of the filing of Defendants' proposed counterpart materials, Plaintiffs may file and serve any objections regarding whether such materials infringe upon Plaintiffs' alleged copyright in the Brown Books.

4. Within two (2) court days after the filing of the objections, Defendants may file and serve any response to Plaintiffs' objections.

5. Unless the court rules before the date set for hearing, or advises counsel that no hearing will be necessary, the court will hear oral arguments at the time of the hearing. Thereafter, the Court shall rule on whether there is a substantial likelihood that Plaintiffs would prevail on a claim that the counterpart materials infringe on Plaintiffs' alleged copyright in the Brown Books.

6. Defendants shall not use, market, or sell the counterpart materials unless and until they have been approved by the Court.

DATED: September 28, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE