1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PROVEN METHODS SEMINARS, LLC,
     et al.,
11
                  Plaintiffs,                    No. CIV S-07-1588 WBS EFB
12          vs.

13   AMERICAN GRANTS & AFFORDABLE
     HOUSING INSTITUTE, et al.,
14
                  Defendants.
15   _____/

16          This case was before the undersigned on December 19, 2007, for hearing on plaintiffs'

17   motion to compel production of documents.  Eric Carlson appeared as plaintiffs' counsel and

18   Andrew Stroud appeared as defense counsel.  For the reasons set forth below and stated at the

19   hearing, plaintiffs' motion is granted in part and denied in part.

20   **I. BACKGROUND**

21          This action is proceeding on the first amended complaint filed September 12, 2007.

22   Plaintiffs seek damages and injunctive relief against four entity defendants (American Grants &

23   Affordable Housing Institute LLC, Best News Realty LLC, Best News Marketing LLC, Coast to

24   Coast Media, LLC) and eighteen individual defendants on claims ranging from copyright

25   infringement to theft of trade secrets.  Most of the individual defendants were previously

26   employed by plaintiffs.   Plaintiffs allege, among other things, that the entity defendants

                                            1

interfered with the plaintiffs' employment relationships with these individuals and induced them to breach their contracts with plaintiffs as part of a scheme to obtain plaintiffs' allegedly confidential and proprietary information.

Both plaintiffs and the entity defendants conduct seminars for the general public on how to access and receive government grants, loans and subsidies to enter and profit from the real estate market, or to start or expand businesses.  Much of the information provided at the seminars is publically available, but both parties provide materials that condense, summarize and comment on such information.  Plaintiffs have registered copyrights in some of these materials, including a set of books entitled  "Cashing in on Government Grants, Loans, and Subsidies," Volumes I and II (collectively, the "Brown Books").

On September 18, 2007, the district judge granted plaintiffs' motion for a preliminary injunction on its copyright claim with respect to their copyrighted "Brown Books," but otherwise denied the motion.

On October 12, 2007, plaintiffs served requests for production of documents on the four entity defendants seeking discovery on their various causes of action.[1]  Plaintiffs have alleged eleven separate causes of action: (1) copyright infringement; (2) federal trademark infringement; (3) unfair competition/false advertising (15 U.S.C. § 1125(a)(1)); (4) unfair competition/likelihood of confusion (15 U.S.C. § 1125(a)(1)); (5) intentional interference with contractual relations; (6) intentional interference with prospective economic advantage; (7) conversion; (8) theft of trade secrets; (9) unfair competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); (10) breach of contract; (11) conspiracy and aiding and abetting.

Defendants timely responded to the discovery, but interposed several objections to the requests, including objections based on section 2019.210 of the California Code of Civil Procedure.  That section provides:

---

[1] Similar discovery was subsequently served on the individual defendants.

2

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.[2]

Cal. Civ. Proc. Code § 2019.210.

Defendants argue that this section is applicable to discovery in the presently pending federal action.  In particular, defendants argue that each and every cause of action – including the federal copyright and trademark claims – are so intertwined with plaintiffs' trade secret claims, that an identification pursuant to § 2019.210 should precede any production by defendants.  Plaintiffs contest the applicability of this section to an action proceeding in federal court.  In light of plaintiffs' refusal to apply § 2019.210, defendants served two interrogatories on plaintiffs seeking clarification as to which trade secrets and propriety information plaintiffs allege were misappropriated.  At the time of the hearing plaintiffs' responses to those interrogatories was not yet due as they were not served until December 7, 2007.

Plaintiffs seek to compel immediate, substantive responses from defendants on the requests for production.  Defendants ask the court to find § 2019.210 applicable to all discovery requests propounded by plaintiffs.  The court declines to do so.

**II.  DISCUSSION**

As noted by Judge Gregory G. Hollows in *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, Civ. No. S-06-0533 GEB GGH, 2007 U.S. Dist. LEXIS 8870, *3-5 (E.D. Cal. Jan. 29, 2007), the applicability of § 2019.210 in federal courts has not been finally determined.

---

[2] Section 3426.5 of the Civil Code provides:

In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

3

While at least one court has found the provision to be applicable under the Erie doctrine, other courts have specifically declined to rule on the issue, or applied it without much analysis, while others have found it to be an inapplicable rule of state procedure.  *Id.* (noting disparate decisions and finding § 2019.210 to be inapplicable in federal cases); *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 992 (S.D. Cal. 1999) (finding provision applicable to federal cases pursuant to the Erie doctrine); *Advante International Corp. v. Mintel Learning Technology*, No. C 05-01022 JW (RS), 2006 U.S. Dist. LEXIS 86334, *11 n.4 (N.D. Cal. Nov. 21, 2006) (declining to decide its applicability in federal court); *Neothermia Corp. v. Rubicor Medical, Inc.*, 345 F. Supp. 2d 1042 (N.D. Cal. 2004) (applying without passing on the issue of applicability in federal courts).

The court agrees with Judge Hollows' reasoning in *Funcat* and finds § 2019.210 to be a state rule of civil procedure that is inapplicable in federal court.

This court is mindful that the Southern District of California, in *Computer Economics*, reached an opossite conclusion, finding that under the Erie doctrine, § 2019.210 was applicable to the federal discovery proceedings.  *Computer Economics*, 50 F. Supp. 2d at 986-92 (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) (engaging in two-step Erie analysis determining (1) whether the state rule conflicted with an applicable Federal Rule of Civil Procedure, and (2) whether failure to apply the state law would significantly affect the outcome of the litigation or encourage litigants to file their actions in federal court)).

That court found that § 2019(d) – § 2019.210's predecessor – did not conflict with Federal Rule 26(c)(7)'s provision authorizing protective orders to prevent disclosure of trade secrets.[3]  The court noted that Rule 26(c) permits a *defendant* to file a motion for a protective order to prevent the disclosure of its trade secrets, while § 2019(d) requires the *plaintiff* to identify its allegedly misappropriated trade secrets before seeking discovery."  *Id.*, at 988

---

[3] Former Rule 26(c)(7) is currently codified at Fed. R. Civ. P. 26(c)(1)(G).

1   (emphasis in original).  The court perceived no inconsistency or "collision" in these rules, and

2   further determined that failure to apply this "ostensibly procedural rule" would incentivize

3   plaintiffs to forum shop, choosing federal courts over state courts.  *Id*., at 988, 991.  The court

4   noted that the procedure was enacted as part of the Uniform Trade Secrets Act "to curb

5   unsupported trade secret lawsuits routinely commenced to harass competitors and former

6   employees" and that it enabled defendants to form complete and well-reasoned defenses.  *Id.*, at

7   985, 992.

8          In *Fun Cat*, Judge Hollows respectfully countered that the court in *Computer Economics*

9   failed to emphasize that "the rule of application is one of procedure," and that federal law

10  therefore controls.  *Funcat*, 2007 U.S. Dist. LEXIS 8870,  at *6.  He noted that while the

11  "collision" analysis was "correct in the abstract," it was not a deciding factor in determining

12  whether a "state procedural rule can be engrafted into federal court proceedings."  *Id.*, at *5-6.

13  He reasoned that pursuant to Fed. R. Civ. P. 1,  the Federal Rules of Civil Procedure governed

14  the case and, "unless stipulated otherwise or ordered after stipulation pursuant to case

15  management orders, it [was] not within the discretion of the court to willy nilly apply bits and

16  pieces of the discovery [rules of the] civil procedure codes of the various states, even the state in

17  which the district court sits."  *Id.*

18         Indeed, the "Federal Rules of Civil Procedure apply irrespective of the source of subject

19  matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."

20  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-1103 (9th Cir. 2003) (citing *Hanna v.*

21  *Plumer*, 380 U.S. 460 (1965)).  "If a Federal Rule of Civil Procedure is valid under the

22  Constitution and the  Enabling Act, it applies according to its terms in all civil cases in federal

23  district court."  *Id.*

24         Here, the court finds that the Federal Rules of Civil Procedure govern discovery in this

25  case.  Applying state procedure is inappropriate especially where, as here, it has the effect of

26  imposing an otherwise unmandated sequence to discovery.  *See Funcat*, 2007 U.S. Dist. LEXIS

5

8870, * 7 (citing *Hanna v. Plumer* and noting that state law is not to be invoked in order to avoid a federal rule). [4]

Accordingly, the court orders defendants to provide responsive documents to plaintiffs' discovery requests within twenty days from the date of service of this order.  However, as discussed at the hearing, the court finds some of defendants' objections on the basis of vagueness and ambiguity to be well-taken.  The court agrees that plaintiffs' description in the first amended complaint of its trade secrets and other purportedly misappropriated confidential information is often so broad, and at times contradictory, that defendants are prevented from providing a meaningful response to the discovery requests implicating such matters.

For example, plaintiffs allege that their "confidential information, including [their] training and sales methods and materials, as well as [their] operational data, systems and methodologies" are trade secrets.  FAC, ¶ 117.  However, in their breach of contract claim, plaintiffs allege that its former employees breached an agreement "to maintain as confidential any information regarding National Grants' 'proprietary marks, trade names, copyrighted materials and trade secrets,' as well as 'confidential information, knowledge or know-how concerning the operation, products, services, procedures, policies or customers' of National Grants."  FAC, ¶ 136.  Based on these allegations, it is unclear, for example, whether plaintiffs mean to include in their definition of confidential, proprietary information, materials that are *per se* publicly known, such as trade names and copyrighted materials.  Such confusing allegations present defendants with difficulty in responding to those requests that implicate plaintiffs' alleged trade secrets and other "confidential" information.

At the hearing, the court identified several requests for production that have some relation to plaintiffs' trade secret claims: requests nos. 11-32, 34-44, 51-55, 67-68, 75-76,

---

[4]  However, as seen below, applying the federal procedural rule rather than the state rule can, and often does yield the same or similar result.

86-97.[5]  The court will require plaintiffs to clarify these requests by responding to the interrogatories propounded by defendants.  As ordered at the hearing, plaintiffs were to provide clarified responses to those interrogatories by January 9, 2008.  The entity defendants shall provide responses to the above-identified requests within thirty days following receipt of plaintiffs' responses to the clarifying interrogatories.  The individual defendants shall provide responses within fifteen days thereafter.

Finally, in light of the decision in *Computer Economics*, the court finds that defendants' position regarding the applicability of § 2019.210 was not unreasonable and does not warrant sanctions.  Accordingly, plaintiffs' request for sanctions is denied.

## III.  CONCLUSION

In accordance with the foregoing, IT IS ORDERED that:

1.  Plaintiffs' motion to compel is granted in part and denied in part.

2.  Defendants shall produce within twenty days from the date of this order documents responsive to plaintiffs' requests for production, except with respect to the requests identified below.

3.  At the hearing, plaintiffs were ordered to respond to defendants' clarifying interrogatories by January 9, 2008, with respect to requests nos. 11-32, 34-44, 51-55, 67-68, 75-76, 86-97.  The responses of the entity defendants to these clarified requests for production shall be due by February 8, 2008, and the individual defendants' responses shall be due by February 25, 2008; and,

4.  Plaintiffs' request for sanctions is denied.

DATED:  January 30, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5]  This reflects a slight modification of the requests discussed at the hearing, but shall nonetheless be binding.