ANDREW W. STROUD (SBN 126475)
KELCIE M. GOSLING (SBN 142225)
STEPHEN LAU (SBN 221051)
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: 916-553-4000
Facsimile: 916-553-4011

Attorneys for Defendants American Grants & Affordable Housing Institute, LLC, Best News Marketing, LLC, Best News Realty, LLC Coast-To-Coast Media, LLC, John T. Polk, Patrick Farah, William Pappas, Kaleb Forrest, Rene Gonzalez, Michelle Harmon, Lewis Curry, Tiffany Barnes, Scott Voelkel, Steve Wyman, Gus Fernandez, Donald Harkema, Nancy DeVaughn, Jack Marlando, Dawn Lane, Bruce West, Jr. and Francis Lee Lauraine

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVEN METHODS SEMINARS, LLC, PROVEN METHODS CUSTOMER SERVICE, LLC, doing business together as NATIONAL GRANTS CONFERENCES, et al., <br><br> Plaintiffs <br><br> v. <br><br> AMERICAN GRANTS & AFFORDABLE HOUSING INSTITUTE, LLC, BEST NEWS REALTY, LLC, BEST NEWS MARKETING, LLC AND COAST-TO-COAST MEDIA, LLC, <br><br> Defendants. | Case No. 2:07-CV-01588 WBS-EFB <br><br> AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |
| AMERICAN GRANTS & AFFORDABLE HOUSING INSTITUTE, LLC, BEST NEWS REALTY, LLC, BEST NEWS MARKETING, LLC AND COAST-TO-COAST MEDIA, LLC, <br><br> Counterclaimants and Defendants <br><br> v. <br><br> PROVEN METHODS SEMINARS, LLC, PROVEN METHODS CUSTOMER SERVICE, LLC, doing business together as NATIONAL GRANTS CONFERENCES, WORLDWIDE MEDIA COMMUNICATIONS GROUP, LLC, a Nevada corporation, and MICHAEL MILIN, an individual, <br><br> Counterdefendants. | |

1  WHEREAS plaintiffs Proven Methods Seminars, LLC, Proven Methods Customer Service, LLC, doing business together as National Grants Conferences, Worldwide Media Communications Group, LLC, and Michael Milin ("Plaintiffs") and defendants American Grants & Affordable Housing Institute, LLC, Best News Marketing, LLC, Best News Realty, LLC, Coast-To-Coast Media, LLC, John T. Polk, Patrick Farah, William Pappas, Kaleb Forrest, Rene Gonzalez, Michelle Harmon, Lewis Curry, Tiffany Barnes, Scott Voelkel, Steve Wyman, Gus Fernandez, Donald Harkema, Nancy DeVaughn, Jack Marlando, Dawn Lane, Bruce West, Jr. and Francis Lee Lauraine ("Defendants") and likely non-party witnesses possess highly sensitive and confidential information that may be disclosed in responding to discovery requests or otherwise in this action and that must be protected in order to preserve their legitimate business interests, and

WHEREAS documents or information containing confidential, proprietary business information and/or trade secrets but bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation.  Additionally, parties to this litigation assert that public dissemination and disclosure of certain documents or information could severely injure or damage the disclosing party's competitive advantage.

WHEREAS Plaintiffs and Defendants have, through counsel, stipulated to the entry of this Protective Order, to prevent unnecessary dissemination or disclosure of such highly sensitive and confidential information, during the course of discovery or otherwise.

**STIPULATION**

THEREFORE, THE PARTIES STIPULATE that the following may be entered as the Order of the Court without further notice:

**Definitions**

1. The following definitions shall apply to this Stipulation and Protective Order:

(a) The term "Confidential Information" means documents or information containing confidential proprietary business information and/or trade secrets.  Confidential Information may include documents or things produced in this action (during formal discovery or otherwise), information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial. Information originally designated as

1  "Confidential Information" shall not retain that status after any ruling by the Court denying such status
2  to it.
3      (b)   The term "designating party" means the party producing or designating
4  information as Confidential Information under this Stipulation and Protective Order.
5      (c)   The term "receiving party" shall mean the party to whom Confidential
6  Information is produced.

## Designation of Confidential Information

8   2.   Each designating party who produces or discloses any material that it in good faith
9  believes constitutes Confidential Information shall designate it as such.  In designating Confidential
10 Information, the designating party shall mark the item or each page of a document "Confidential" or
11 "Confidential-Attorney's Eyes Only."
12      (a)   Confidential Information may be designated as "Confidential-Attorney's Eyes
13 Only" when, in the reasonable judgment of the designating party, the information is Confidential
14 Information, but is too sensitive, valuable, or difficult to protect from misuse to allow a wider
15 circulation.
16      (b)   When documents or things are produced for inspection, they must be designated
17 as "Confidential" or "Confidential-Attorney's Eyes Only" for purposes of the inspection, by marking
18 each document or thing "Confidential" or "Confidential-Attorney's Eyes Only."
19      (c)   Portions of depositions may be designated "Confidential" if they are designated
20 as such at the time the deposition is taken or within 30 days after the deposition transcript is received
21 by the designating party or its counsel.
22  3.   The parties recognize that during the course of this litigation, Confidential Information
23 that originated with or is maintained by a non-party may be produced.  Such information may be
24 designated as "Confidential" or "Confidential-Attorney's Eyes Only" and shall be subject to the
25 restrictions contained in this Stipulation and Protective Order.  If any Confidential Information is
26 produced by a non-party to this litigation, such a non-party shall be considered a "designating party"
27 within the meaning of that term as it is used in this Stipulation and Protective Order and the parties
28 will each be treated as a "receiving party."

1      4.      Except for testimony, documents and things disclosed in open court, in the event any
2  designating party produces Confidential Information that has not been correctly designated, the
3  designating party may redesignate the information to the same extent as it may have designated the
4  information before production, by a subsequent notice in writing specifically identifying the
5  redesignated information.  The parties shall treat such information in accordance with this Stipulation
6  and Protective Order, and shall undertake reasonable efforts to correct any disclosure of such
7  information contrary to the redesignation.  No receiving party shall have any obligation or liability due
8  to any disclosure of the information which occurred prior to the receipt of such notice; provided,
9  however, any subsequent disclosures shall be in accordance with such designation.  No proof of error,
10 inadvertence, or excusable neglect shall be required for such redesignation.  Nothing in this provision
11 shall be interpreted as waiving any objection the receiving party may have to the redesignation.

**Disclosure of the Confidential Information**

13      5.      Information designated "Confidential" may be disclosed only to the following:
14              (a)     In house counsel and the attorneys and staff of any law firm acting as outside
15 counsel for a party to this action, and those persons specifically engaged for the limited purpose to
16 provide litigation support for such counsel;
17              (b)     Independent consultants or experts and their staff not employed by or affiliated
18 with a party who are retained either as consultants or expert witnesses for the purpose of this litigation;
19              (c)     Employees of either party who provide actual assistance in the conduct of the
20 litigation in which the information is disclosed, but only to the extent necessary to allow them to
21 provide that assistance;
22              (d)     The Court and Court personnel, and Official Court Reporters to the extent that
23 Confidential Information is disclosed at a deposition or court session which they are transcribing;
24              (e)     Any person of whom testimony is taken, except that such person may only be
25 shown copies of confidential Information during his testimony, and may not retain any Confidential
26 Information.
27              (f)     The list of persons to whom Confidential Information may be disclosed
28 identified in this Paragraph 5 may be expanded or modified by mutual agreement in writing by counsel

for the parties to this action without the necessity of modifying this Stipulation and Protective Order;

(g)   Information designated as "Confidential-Attorney's Eyes Only" shall be disclosed only to those persons described in Paragraphs 5(a), (b) or (d), or as agreed in accordance with Paragraph 5(f).

**Use and Control of the Confidential Information**

6.   All information designated "Confidential" or "Confidential-Attorney's Eyes Only" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive or other purpose.

7.   If Confidential Information is contained in [~~trial~~] deposition testimony, the portion of transcript containing such material may be designated as containing Confidential Information and shall be treated in accordance with this Stipulation and Protective Order.

8.   ~~All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.~~ If the parties wish to file any document under seal, they must comply with the procedures set forth in Local Rule 39-141. The court shall make an independent determination as to the appropriateness of a sealing order, regardless of the parties' designation of a document as "confidential."

9.   No person designated in accordance with Paragraphs 5(b), (c) and (e) above shall be provided with access to Confidential Information without first signing an Acknowledgment of Stipulation and Protective Order in the form attached as Exhibit 1 ("Acknowledgment"). Counsel for the party obtaining the Acknowledgments shall maintain a file of all signed, original Acknowledgments.

10.   Any party may disclose its own Confidential Information in any manner that it considers appropriate. Confidential Information may be disclosed to any person no longer affiliated with a party who either authored or received the Confidential Information prior to the initiation of the litigation. Prior to any disclosure, such person must agree to be bound by this Stipulation and Protective Order and execute the Acknowledgment as stated in paragraph 9 above.

11.  No information may be withheld from discovery on the basis that the information requires greater protection than that afforded by this Stipulation and Protective Order, unless the party claiming the need for greater protection moves for and obtains an order for such special protection from the Court.

12.  Receiving parties shall keep all Confidential Information received from others in a secure area to prevent disclosure of Confidential Information to persons not authorized under this Stipulation and Protective Order.

### Duration of Order, Objection, Modifications

13.  This Stipulation and Protective Order shall remain in full force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties to this action.  This Stipulation and Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed.

14.  Upon final termination of this action (including all appeals), the designating party may demand that the receiving party either return to the designating party (at the designating party's expense) or destroy all Confidential Information received from the designating party within 30 days of the demand.  However, outside counsel for the receiving party may retain one copy of the Confidential Information, which shall remain subject to this Stipulation and Protective Order.

15.  If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Stipulation and Protective Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent disclosure by each unauthorized person who received such information.

16.  Any receiving party may at any time request that the designating party cancel the "Confidential" or "Confidential-Attorney's Eyes Only" designation on any information produced. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends should not be designated as confidential and the reasons supporting its contention.  If the designating party does not agree to

1  remove the "Confidential" or "Confidential-Attorney's Eyes Only" designation, then the party
2  contending that such information should not be designated confidential may file a motion to be
3  relieved from the restrictions of this Stipulation and Protective Order with respect to the information in
4  question.  On a motion to be relieved from the restrictions of this Stipulation and Protective Order, the
5  burden of demonstrating that the information is Confidential Information shall be on the designating
6  party.   Subject to these procedures, any documents, testimony, evidence or other materials designated
7  as "Confidential" or "Confidential - Attorney's Eyes Only," shall not, in fact, be deemed by the Court
8  to be Confidential Information and shall not be subject to this Order, if the substance thereof:

(a) is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

(b) has become, at any time, and through no act or failure to act on the part of the receiving party and without breach of any obligation of confidence, public knowledge;

(c) is, at the time of disclosure by the designating party, already in possession of the receiving party, and the receiving party acquired it neither directly nor indirectly from the designating party; or

(d) has become available to the receiving party by a third person who obtained it by legal means and without any obligation of confidence.

**No Waiver of Privileges**

17. Production of documents and things shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such information.

**Other Remedies**

18. Nothing in this Stipulation and Protective Order shall prevent any party or non-party from seeking additional relief from the Court.

DATED: February 13, 2008                    RUSS, AUGUST & KABAT


                                            By:    /S/ Robert E. Satterthwaite
                                                   Attorneys for Plaintiffs Proven Methods
                                                   Seminars, LLC, Proven Methods Customer
                                                   Service, LLC, doing business together as
                                                   National Grants Conferences, Worldwide Media
                                                   Communications Group, LLC, and Michael Milin

1  DATED: February 13, 2008                    MENNEMEIER, GLASSMAN & STROUD LLP

                                               By:   /S/ Andrew W. Stroud
                                                     ANDREW W. STROUD
                                                     Attorney for Defendants American Grants &
                                                     Affordable Housing Institute, LLC, Best News
                                                     Marketing, LLC, Best News Realty, LLC, Coast-
                                                     To-Coast Media, LLC, John T. Polk,
                                                     Patrick Farah, William Pappas, Kaleb Forrest,
                                                     Rene Gonzalez, Michelle Harmon, Lewis Curry,
                                                     Tiffany Barnes, Scott Voelkel, Steve Wyman,
                                                     Gus Fernandez, Donald Harkema,
                                                     Nancy DeVaughn, Jack Marlando, Dawn Lane,
                                                     Bruce West, Jr. and Francis Lee Lauraine

## ORDER

Based upon the above Stipulation of the parties, and good cause having been shown (as described in that Stipulation),

IT IS ORDERED THAT the above Stipulation of the parties is approved, subject to the court's modifications set forth above. Nothing in this order shall be construed as precluding the court's independent review and determination of whether documents or other matters are privileged or otherwise protected under governing law. Moreover, nothing in this order shall be construed as approving preclusion of evidence from trial.

DATED: February 15, 2008.

                                               _____
                                               EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE

**ACKNOWLEDGMENT**

I acknowledge that I have read the attached Stipulation and Protective Order entered by the United States District Court for the Eastern District of California in the case entitled *Proven Methods Seminars, LLC, et al. v. American Grants & Affordable Housing Institute, LLC, et al.,* Case No. 2:07-CV-01588 WBS-EFB and understand that I am authorized to receive Confidential Information subject to that Stipulation and Protective Order. I agree to abide by the obligations and conditions of that Stipulation and Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for all disputes arising out of or relating to the Stipulation and Protective Order and/or the disclosure or receipt of Confidential Information under that Stipulation and Protective Order.

Dated this _____ day of _____, 2008.

Signature:_____

Printed Name:_____

Company:_____

Title/Position:_____